IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| v. | ) Criminal No. 3:08CR468–HEH |
| | ) |
| TARIQ A. VAUGHN, | ) |
| | ) |
| Petitioner. | ) |

## MEMORANDUM OPINION
(Denying 28 U.S.C. § 2255 Motion)

Tariq Vaughn, a federal inmate proceeding *pro se*, filed this motion under 28 U.S.C. § 2255 ("§ 2255 Motion," ECF No. 67) to vacate, set aside, or correct his sentence. The United States has responded. (ECF No. 75) The matter is now ripe for disposition.

In his § 2255 Motion, Vaughn demands relief upon the following grounds:

Claim One  The statutory basis for Vaughn's conviction, 21 U.S.C. § 841, is an unconstitutional exercise of Congress's power to regulate interstate commerce. (§ 2255 Mot. 4.)

Claim Two  There is no federal "nexus," and 21 U.S.C. § 841 criminalizes drug distribution, not use. (*Id.* at 5)

Claim Three  Vaughn did not knowingly and voluntarily enter his guilty plea because, at the time he entered his guilty plea, he was not taking medication for his "impulse control problem." (*Id.* at 6 (internal quotation marks omitted).)

Claim Four  Vaughn's counsel (both his initial counsel, Mary Maguire, and later-appointed counsel, Charles Lewis) provided ineffective assistance because:

(a) Maguire failed to alert the Court to *Arizona v. Gant*, 556 U.S. 332 (2009), which was then pending in the Supreme Court. (*Id.* at 7.)

(b) Maguire induced Vaughn's guilty plea by erroneously advising him that drug use qualifies as distribution. (*Id.*)

(c) Maguire failed to investigate Vaughn's mental health and treatment history, and therefore he entered into an invalid plea because his impulse control problem was not adequately medicated. (*Id.*)

(d) Lewis failed to investigate Maguire's deficient performance, and therefore failed to raise issues Four (b) and Four (c) at the plea withdrawal hearing. (*Id.*)

(e) Lewis failed to object to the Government's "breach" of the plea agreement when it failed to agree to a reduction for acceptance of responsibility. (*Id.*)

(f) Lewis failed to object to the Court's decision to not apply a reduction for acceptance of responsibility. (*Id.*)

(g) Lewis failed to raise a due process objection to the Court's requirement that Vaughn wear restraint apparatus during his sentencing. (*Id.* at 7a.)

(h) Lewis failed to seek disqualification of the Judge based on the existence of "at least an appearance of bias." (*Id.* (emphasis omitted).)

(i) Lewis failed to object to the Court's consideration of Vaughn's violent and disruptive behavior while incarcerated in state prison when determining his sentence. (*Id.*)

(j) Lewis failed to object to a sentence that "exceeds the maximum authorized by law." (*Id.*)

For the reasons stated herein, the Court finds that Williams's claims are defaulted and lack merit.

## I. Procedural History

On November 5, 2008, a grand jury indicted Vaughn for one count of possession of more than five grams of cocaine base with intent to distribute. (Indictment at 1.) At Vaughn's arraignment, he pled not guilty, and the Court scheduled a jury trial for Monday, January 26, 2009. On January 23, 2009, Vaughn waived indictment and agreed to plead guilty to a criminal information filed the same day. (Plea Agreement ¶ 1.) The criminal information removed the quantity of drugs (*see* Crim. Inf. 1, ECF No. 20), permitting Vaughn to plead guilty to a lesser charge of possession with intent to distribute, with no amount of cocaine base specified. (*Compare* Indictment 1, *with* Plea Agreement 1; Jan. 23, 2009 Tr. 9–10.) The Court conducted a plea colloquy pursuant to Rule 11 of the Federal Rules of Criminal Procedure, and accepted the plea. (Jan. 23, 2009 Tr. 22.)

On March 9, 2009, Vaughn's counsel, Mary Maguire, filed a motion to withdraw (ECF No. 28, at 1) and a motion to appoint new counsel (ECF No. 29, at 1). The Court granted these motions on March 20, 2009 (ECF No. 30, at 1), and appointed Charles Lewis as Vaughn's new counsel (ECF No. 31, at 1). On April 7, 2009, Vaughn filed a motion to represent himself *pro se*. (ECF No. 34, at 1.) On May 1, 2009, Vaughn filed motions for a mental health evaluation (ECF No. 37, at 1) and to withdraw his guilty plea (ECF No. 36, at 1). On May 8, 2009, the Court heard argument on Vaughn's motions, and denied the motions to withdraw his guilty plea and for a mental health evaluation. (May 8, 2009 Tr. 22, 25.) In response to the motion to proceed *pro se*, the Court, with consent of both Vaughn and his counsel, approved a "hybrid" representation where

Vaughn could speak for himself in court, but maintained the aid and assistance of his appointed counsel. (May 8, 2009 Tr. 25–26.)

Prior to sentencing, a probation officer prepared a Presentence Report ("PSR"). Under *United States Sentencing Guidelines Manual* ("USSG") § 2D1.1(c)(8) (2008), Vaughn's offense level was 24, because his offense involved at least five grams but less than 20 grams of cocaine base. Based upon Vaughn's criminal history, the Probation Officer determined that Vaughn was career offender under USSG § 4B1.1, elevating his offense level to 32. (PSR ¶ 44, Worksheet D, at 1.) As Vaughn moved to withdraw his guilty plea, he was not eligible for any reduction for acceptance of responsibility. (*Id.* ¶ 16.) With a criminal history category of VI, his guideline range was 210 to 262 months, which the Probation Officer adjusted to 210 to 240 months to comply with the twenty-year statutory maximum under 21 U.S.C. § 841(b)(1)(C). (PSR ¶ 87, Worksheet D, at 1.)

Vaughn, through counsel, filed an objection to the PSR, arguing that he was entitled to a reduction for acceptance of responsibility. In addition, Vaughn filed a motion for a downward variance, arguing, *inter alia*, that the PSR improperly included Vaughn's conduct while in pretrial custody in the offense conduct section. (ECF No. 39, at 1–5.) At the sentencing hearing on May 29, 2009, the Court heard Vaughn's objections to the PSR and the motion for a downward variance, and denied both. (May 29, 2009 Tr. 6, 21.) The Court sentenced Vaughn to 240 months of incarceration. (J. 1–2, ECF No. 42.)

Vaughn appealed to the United States Court of Appeals for the Fourth Circuit, which dismissed his appeal on September 16, 2010. *U.S. v. Vaughn*, 395 F. App'x 961, 963 (4th Cir. 2010).

## II. Claims One and Two: Commerce Clause Challenge

Vaughn's first two claims challenge the authority of the federal government to criminalize drug distribution without an "actual federal nexus." (§ 2255 Mot. 4–5.) Vaughn first claims that the statute under which he was convicted, 21 U.S.C. § 841, is a facially unconstitutional exercise of Congress's power to regulate interstate commerce. (*Id.* at 4.) He also contends that, as applied to the facts of this case, the statute is unconstitutional because first, there is no "federal nexus," and second, he was only using, not distributing, cocaine base. (*Id.* at 5.)

Vaughn's claims are procedurally defaulted. *See United States v. Linder*, 552 F.3d 391, 396–97 (4th Cir. 2009). The procedural default rule bars Claims One and Two from review here, absent a showing of cause and prejudice or actual innocence, because Vaughn could have raised, but failed to raise, these claims on direct appeal. *See Bousley v. United States*, 523 U.S. 614, 622–23 (1998); *United States v. Frady*, 456 U.S. 152, 167–68 (1982). Vaughn fails to advance a single argument demonstrating cause and prejudice or actual innocence to excuse his default.[1] Accordingly, Claims One and Two will be dismissed.

---

[1] Moreover, the Supreme Court has expressly rejected the argument that 18 U.S.C. § 841 is an unconstitutional exercise of Congressional power. *Gonzales v. Raich*, 545 U.S. 1, 17 (2005).

### III. Claim Three: Involuntary Plea

In Claim Three, Vaughn alleges that he did not enter his guilty plea knowingly and voluntarily because he was not taking medication for his "impulse control problem" at the time he entered the guilty plea. (§ 2255 Mot. at 7 (internal quotation marks omitted)). The Fourth Circuit rejected this claim on direct review. *United States v. Vaughn*, 395 F. App'x 961, 963 (4th Cir. 2010). Defendants are not "allowed to recast, under the guise of collateral attack, questions fully considered" by the court on direct appeal. *Boeckenhaupt v. United States*, 537 F.2d 1182, 1183 (4th Cir. 1976). Vaughn fails to direct the Court to an intervening change in the law that would permit Vaughn to re-litigate this claim. *See United States v. Linder*, 552 F.3d 391, 396–97 (4th Cir. 2009); *see also Boeckenhaupt*, 537 F.2d at 1183. Thus, the Fourth Circuit's ruling bars collateral review of Claim Three. *Linder*, 552 F.3d at 396–97. Because Vaughn does not, and cannot, advance an intervening change in the law permitting re-litigation, Claim Three will be dismissed.

### IV. Claims Four (a)–(c): Alleged Ineffective Assistance of Counsel (Maguire)

In Claim Four, Vaughn describes three separate instances where his initial counsel, Mary Maguire, allegedly provided ineffective assistance. To demonstrate ineffective assistance of counsel, a convicted defendant must first show that counsel's representation was deficient, and, second, that the deficient performance prejudiced the defense. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). To satisfy the deficient performance prong of *Strickland*, a convicted defendant must overcome the "'strong presumption' that counsel's strategy and tactics fall 'within the wide range of reasonable professional assistance.'" *Burch v. Corcoran*, 273 F.3d 577, 588 (4th Cir. 2001) (quoting

*Strickland*, 466 U.S. at 689). The prejudice component requires a convicted defendant to "show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Strickland*, 466 U.S. at 694. In analyzing ineffective assistance of counsel claims, the Court need not determine whether counsel performed deficiently if the claim is readily dismissed for lack of prejudice. *Id.* at 697.

In the context of a guilty plea, the Supreme Court modified the second prong of *Strickland* to require a showing that "there is a reasonable probability that, but for counsel's errors, [petitioner] would not have pleaded guilty and would have insisted on going to trial." *Hill v. Lockhart*, 474 U.S. 52, 59 (1985). A defendant's assertion that he would not have pled guilty if he had received better assistance from counsel is not dispositive of the issue. *See United States v. Mora-Gomez*, 875 F. Supp. 1208, 1214 (E.D. Va. 1995). Rather, "[t]his is an objective inquiry and dependent on the likely outcome of a trial had the defendant not pleaded guilty." *Meyer v. Branker*, 506 F.3d 358, 369 (4th Cir. 2007) (internal citation omitted) (citing *Hill*, 474 U.S. at 59–60). The Court looks to all the facts and circumstances surrounding a petitioner's plea, including the likelihood of conviction and any potential sentencing benefit to pleading guilty. *Id.* at 369–70.

**A. Claim Four (a)**

In Claim Four (a), Vaughn claims that Maguire provided ineffective assistance by failing to alert the Court to *Arizona v. Gant*, 556 U.S. 332 (2009), a case pending in the

7

Supreme Court at the time of Vaughn's suppression motion. (§ 2255 Mot. at 7.) *Gant* modified the accepted rule for searches incident to arrest in the automobile context, holding that an officer may "conduct a vehicle search when an arrestee is within reaching distance of the vehicle or it is reasonable to believe the vehicle contains evidence of the offense of arrest." *Gant*, 556 U.S. at 346.

Vaughn, however, fails to explain how *Gant* would have altered the outcome of his Motion to Suppress the cocaine base recovered from his person. Although *Gant* modified the accepted rule for searches incident to arrest in the automobile context, it only altered the scope of where law enforcement can search within the vehicle—it did not address the search of the arrestee's person. *See id.* at 346–47. *Gant* is inapplicable to the facts in Vaughn's case, as the police found the cocaine base on Vaughn's person well after he had exited the vehicle. (Jan. 21, 2009 Tr. 32.)

Moreover, Vaughn fails to demonstrate counsel performed deficiently. Counsel's failure to alert the Court to a case pending before the Supreme Court does not constitute deficient performance. *U.S. v. McNamara*, 74 F.3d 514, 516–17 (4th Cir. 1996) (holding that "an attorney's failure to anticipate a new rule of law [i]s not constitutionally deficient" (citing *Kornahrens v. Evatt*, 66 F.3d 1350, 1360 (4th Cir. 1995))). Although the *Gant* decision came down during the pendency of Vaughn's appeal, Maguire no longer served as Vaughn's counsel at that time. Accordingly, Vaughn cannot show that counsel acted deficiently by failing to alert the Court to *Gant*, nor can he show how doing so would have altered the Court's decision to deny the motion. Because Vaughn fails to demonstrate deficiency or prejudice, Claim Four (a) will be dismissed.

## B. Claim Four (b)

In Claim Four (b), Vaughn claims Maguire induced Vaughn's guilty plea by advising him that drug use qualifies as distribution under 21 U.S.C. § 841. (§ 2255 Mot. 7.) To evaluate this claim, the representations of Vaughn during the plea proceedings, "as well as any findings made by the judge accepting the plea, constitute a formidable barrier in any subsequent collateral proceedings." *Blackledge v. Allison*, 431 U.S. 63, 73–74 (1977). Therefore, in the absence of extraordinary circumstances, allegations in a § 2255 motion that directly contradict the petitioner's sworn statements made during a properly conducted Rule 11 colloquy are entitled to minimal weight. *U.S. v. Lemaster*, 403 F.3d 216, 221 (4th Cir. 2005) (internal citations and quotation marks omitted). Accordingly, the Fourth Circuit has admonished that "[i]n the absence of extraordinary circumstances, the truth of sworn statements made during a Rule 11 colloquy is conclusively established, and a district court should, without holding an evidentiary hearing, dismiss any § 2255 motion that necessarily relies on allegations that contradict the sworn statements." *Id.* at 221–22.

At Vaughn's Rule 11 plea colloquy, the Court inquired about Vaughn's intention to distribute crack cocaine and the factual basis for Vaughn's plea:

> THE COURT: [Y]ou . . . were aware that the substance you possessed at [the time of arrest] was cocaine base?
> MR. VAUGHN: Yes, Your Honor.
> THE COURT: And you had an intention to distribute that to someone else, is that correct?
> MR. VAUGHN: Yes, Your Honor.

(Jan. 23, 2009 Tr. 8–9.)

Furthermore, Vaughn signed a Statement of Facts that read that "TARIQ VAUGHN was found to be in possession of 6.886 grams of cocaine base, commonly known as 'crack,' ... which [he] intended to distribute." (Statement of Facts 1, ECF No. 24.) At the plea colloquy, the Court also asked if Vaughn had reviewed, understood, discussed with counsel, and finally, signed the Statement of Facts. (Jan. 23, 2009 Tr. 20.) Vaughn confirmed that he had. (Jan. 23, 2009 Tr. 20.) Vaughn also confirmed that the Statement of Facts described "what in fact happened." (Jan. 23, 2009 Tr. 20.) Vaughn fails to allege any extraordinary circumstances, and his allegations directly contradict his sworn statements from the Rule 11 colloquy. As these allegations are entitled to minimal weight and the § 2255 motion necessarily relies upon them, *Lemaster*, 403 F.3d at 221 (citation omitted), Claim Four (b) will be dismissed.

### C. Claim Four (c)

In Claim Four (c), Vaughn claims that Maguire "failed to investigate the precise nature and extent of Mr. Vaughn's mental health condition and the medication he was supposed to be taking" which prevented her from knowing "the effect the absence of the medication had on Mr. Vaughn's ... decision-making faculties." (§ 2255 Mot. at 7.) Vaughn claims he would not have entered into the plea agreement had he been on his medication. (*Id.*)

The record directly contradicts Vaughn's assertion. During the plea colloquy, the Court asked Vaughn if he was under the influence of any drugs, alcohol, or medication. (Jan. 23, 2009 Tr. 4.) Vaughn initially replied that he was not, at which point his counsel, Maguire, said "[e]xcuse me, Your Honor. Just to clarify. He is on mental health

10

medications . . . ." (Jan. 23, 2009 Tr. 4.) Vaughn continued, stating "I'm sorry. I didn't mean to lie to you, but I'm on medication for impulse control, but it does not affect my decision-making today." (Jan. 23, 2009 Tr. 5.) Neither the record, nor Vaughn's allegations, reveal any credible facts supporting Vaughn's current contradictory assertions that Maguire was unaware of his mental health history and medications, or that he had not taken his medication when he entered into the plea agreement. Again, because Vaughn's allegations directly contradict his sworn statements and the § 2255 motion necessarily relies upon them, the Court is not inclined to grant Vaughn's motion on this basis. Moreover, there is no indication from the record that the claim has any merit. Simply stated, there is no basis for allowing Vaughn to collaterally attack a properly held Rule 11 proceeding with bare allegations. Accordingly, Claim Four (c) will be dismissed.

## V. Claims Four (d)–(j): Ineffective Assistance of Counsel (Lewis)

In Claim Four, Vaughn alleges seven separate instances when his later-appointed counsel, Charles Lewis, provided ineffective assistance.

### A. Claim Four (d)

In Claim Four (d), Vaughn alleges that Lewis provided ineffective assistance as he failed to investigate Maguire's performance, and therefore failed to raise issues Four (b) and Four (c) at the plea withdrawal hearing. (§ 2255 Mot. 7.) Vaughn provides no facts to support this conclusion. Vaughn's conclusory allegations fail to state a claim for habeas relief. *Sanders v. United States*, 373 U.S. 1, 19 (1963) (finding denial of habeas action appropriate where the action "stated only bald legal conclusions with no supporting factual allegations"). Additionally, as explained earlier, the Court finds

11

Vaughn's claims that Maguire provided ineffective assistance meritless. Accordingly, Lewis's alleged failure to investigate could not have prejudiced Vaughn. Because Vaughn fails to demonstrate deficiency or prejudice, he fails to show that Lewis's assistance was ineffective. Claim Four (d) will be dismissed.

### B. Claims Four (e) and (f)

In Claim Four (e), Vaughn claims Lewis rendered ineffective assistance by not objecting to the Government's "breach" of his Plea Agreement when they refused to agree to a reduction for acceptance of responsibility in his guidelines determination. (§ 2255 Mot. at 7.) In Claim Four (f), Vaughn claims Lewis rendered ineffective assistance by not objecting to the Court's refusal to apply a reduction for acceptance of responsibility. (*Id.*)

Once again, the record directly contradicts Vaughn's claims. First, the Government did not breach the Plea Agreement. No provision in the Plea Agreement required the Government to offer Vaughn a reduction for acceptance of responsibility. Furthermore, Lewis *did* object to Vaughn not receiving a reduction for acceptance of responsibility. Lewis filed an objection to the PSR on that ground. (Def.'s Pos. on Sentencing 1, ECF No. 39.) The Court rejected this argument, stating that "under the law of the Fourth Circuit, and every other circuit . . . , if you file a motion to withdraw your guilty plea . . . it allows the Court to exclude th[ose] . . . points for acceptance of responsibility." (May 29, 2009 Tr. 5.) The Court then denied the motion. (*Id.*) A Court must dismiss "contentions that in the face of the record are wholly incredible."

12

*Blackledge*, 431 U.S. at 74. Because Vaughn's allegations have no basis in fact, he fails to demonstrate deficiency or prejudice, Claims Four (e) and Four (f) will be dismissed.

### C. Claim Four (g)

In Claim Four (g), Vaughn claims Lewis failed to raise a due process objection to the Court's requirement that Vaughn wear protective restraints, as well as a hood made of netting to prevent him from spitting on others, during his sentencing hearing. (§ 2255 Mot. 8.) In *Deck v. Missouri*, 544 U.S. 622 (2005), the Supreme Court held that defendants have a qualified due process right to be free of shackles or other physical restraints visible to a jury during the penalty phase in a death penalty proceeding.[2] *Id.* at 633. The Court offered three primary justifications for that holding. First, visible shackling undermines the presumption of innocence afforded to the criminal defendant, namely, by communicating to the jury that "court authorities consider him a danger to the community." *Id.* at 633. Second, shackling diminishes a criminal defendant's right to counsel by impeding his ability to communicate or participate in his own defense. *Id.* at 631. Third, shackling a criminal defendant tarnishes the dignity of the judicial process. *Id.* at 631–32. Nevertheless, *Deck* only provides the defendant with a limited right—the Court has discretion to consider special circumstances, including security or safety concerns, which call for shackling. *Id.* at 633.

Vaughn first fails to show any deficiency of counsel, as no violation of Vaughn's due process rights occurred. The Court had significant reasons to believe Vaughn could

---

[2] The Court notes the possibility that *Deck* applies solely to sentencing for capital crimes, but nonetheless addresses it because some principles underlying the rule apply with equal force in non-capital cases.

13

present a risk to the Court's safety. While awaiting sentencing in Pamunkey Regional Jail, Vaughn had numerous disciplinary problems, including threatening officers, threatening to break prison property, and smearing fecal matter on the camera in his cell. (PSR ¶¶ 4–5.) When confined at Northern Neck Regional Jail, Vaughn spit on a guard and engaged in physical altercations with other guards. (May 29, 2009 Tr. 24–25.)

Vaughn expressed his frustration with the restraint apparatus at his sentencing hearing, arguing that was always respectful in Court, and his behavior in jail was unrelated to security of the Court. The Court replied:

> I respect the fact that you've not shown any disrespect toward me; however, I have an obligation to protect not only me, Mr. Lewis, Ms. Hawkins, but also the deputy marshals who put their lives on the line to protect me. And I'm not going to put them in a position where they['ll] be placed in danger by you from your conduct. I'm sorry, sir. I'm not taking that chance.

(May 29, 2009 Tr. 23–24.)

Simply stated, Vaughn cannot demonstrate prejudice. Vaughn's sentencing took place before a judge, not a jury, which eliminates the risk that the jury will infer "that court authorities consider the offender a danger to the community." *Deck*, 544 U.S. at 633. Moreover, the restraint apparatus did not interfere with Vaughn's ability to communicate with counsel or fully participate in the proceeding. *Id.* at 631. Finally, the shackling did not tarnish the dignity of the proceedings. *Id.* at 631–32. Because Vaughn fails to demonstrate any deficiency of counsel for failing to bring a due process challenge to his restraint during sentencing, or any resulting prejudice, Claim Four (g) will be dismissed.

### D. Claim Four (h)

In Claim Four (h), Vaughn claims Lewis provided ineffective assistance by failing to seek disqualification of the undersigned based on the existence of "at least an appearance of bias." (§ 2255 Mot. at 7.) This alleged "appearance of bias" stems from the undersigned's previous work experience. During the sentencing hearing, the Court commented on Vaughn's disciplinary issues while awaiting sentencing, noting that, "as someone who worked in a jail myself when I was a young deputy sheriff, I can tell you dealing with someone like him is very, very tough and very, very trying on correctional officers." (May 29, 2009 Tr. 11.) Vaughn claims that these statements constitute "hyper-empathy for local jail personnel" that "warrant[ed] a motion by Mr. Lewis to disqualify the sentencing Judge." (§ 2255 Mot. 7a.)

A judge must "disqualify himself in any proceeding in which his impartiality might reasonably be questioned," 28 U.S.C. § 455(a), or "[w]here he has a personal bias or prejudice concerning a party, or personal knowledge of evidentiary facts concerning the proceeding . . . ." 28 U.S.C. § 455(b)(1). The Court harbors no bias against Vaughn, nor does Vaughn demonstrate any circumstance where the impartiality of the undersigned may reasonably be questioned. *Liteky v. United States*, 510 U.S. 540, 555 (1994). Nothing in the record demonstrates that the Court, by being familiar with the challenges disruptive inmates present to prison personnel, harbored any bias against Vaughn, much less the presence of a bias that would compromise the fairness of the trial. *Id.* Since no grounds existed to support a demand for recusal, Lewis cannot be faulted for failing to

15

raise this meritless objection. Vaughn demonstrates neither deficiency nor prejudice. Claim Four (h) will be dismissed.

### E. Claim Four (i)

In Claim Four (i), Vaughn claims Lewis failed to object to the Court's consideration of Vaughn's violent and disruptive behavior when determining his sentence. (§ 2255 Mot. at 8.) Yet again, the record directly refutes this allegation. On May 22, 2009, Lewis filed an objection to the inclusion of Vaughn's pretrial disciplinary issues in the PSR. (Def.'s Pos. on Sentencing 2–3.) The Court rejected this argument, and denied the motion to exclude this information. (May 29, 2009 Tr. 6.) More critically, Vaughn offers no meritorious basis upon which counsel could have objected to the Court's consideration of his pretrial behavior under 28 U.S.C. § 3553(a). In the absence of any evidence of deficiency or prejudice, Claim Four (i) will be denied.

### F. Claim Four (j)

In Claim Four (j), Vaughn asserts that Lewis failed to object to a sentence that "exceeds the maximum authorized by law." (§ 2255 Mot. at 8.) The Court sentenced Vaughn to twenty years of imprisonment plus three years of supervised release.[3] (J. 2–3.) This sentence does not exceed the statutory maximum. To the contrary, Vaughn's crime carries a maximum of twenty years of imprisonment, and "a term of supervised release of at least three years in addition to such term of imprisonment." 21 U.S.C. § 841(b)(1)(C). Thus, Vaughn's sentence was within the statutory maximum, and Lewis cannot be faulted

---

[3] In his § 2255 Motion, Vaughn states the Court sentenced him to four years of supervised release. (§ 2255 Mot. 7a.) Even if that were accurate, the sentence would be within the statutory range.

16

for failing to file a frivolous objection. In the absence of a showing of either deficient performance or prejudice, Claim Four (h) will be dismissed.

## VI. Supplemental Motion

On October 22, 2012, the Court received from Vaughn a "Supplemental Memorandum of Law in Support of 28 U.S.C. 2255 on behalf of Tariq A. Vaughn" ("Supplemental Mot.," ECF No. 79). This document simply rehashes, several times over, the claims presented in his § 2255 Motion. Vaughn included several attachments, including an Affidavit on Ineffective Assistance of Counsel (Supplemental Mot., Ex. 1 thereto.), Affidavit on Mental Diagnoses and Medication History (Supplemental Mot., Ex. 2 thereto.), and a document that alleges that "'crack cocaine and cocaine free base' are still today unscheduled drug substances not subject to prosecution for lack of subject matter jurisdiction" (Supplemental Mot., Ex. 3 thereto, "Federal Crack Jurisdiction Pamphlet," at 1 (capitalization and spelling corrected).)

The Court first addresses the affidavits. First, these affidavits generally rehash the information from Vaughn's § 2255 Motion. The only new claim Vaughn raises is Lewis's rejection of Vaughn's request to file for a rehearing *en banc*. (Aff. on Ineffective Assistance of Counsel 5.) Vaughn filed no motion to amend his § 2255 Motion to include this claim. Even if Vaughn moved to amend, the motion would be denied as barred by the statute of limitations.[4]

---

[4] The Court appropriately denies as futile leave to amend when the statute of limitations bars the new claims. *See Ingram v. Buckingham Corr. Ctr.*, No. 3:09CV831, 2011 WL 1792460, at *1 (E.D. Va. May 5, 2011). Section 101 of the Antiterrorism and Effective Death Penalty Act ("AEDPA") amended 28 U.S.C. § 2255 to establish a one-year period of limitation for the filing

In the Federal Crack Jurisdiction Pamphlet, Vaughn claims that crack cocaine is outside the jurisdiction of the federal government because it is allegedly a "legally new," unscheduled drug, and is therefore not a controlled substance subject to prosecution under § 841. (Federal Crack Jurisdiction Pamphlet at 1.) Vaughn raised this issue in a *pro se* Motion to Dismiss filed January 23, 2009. (ECF No. 27, at 1–2.) The Court denied the motion as "frivolous." (May 8, 2009 Tr. 20.) Vaughn fails to offer any persuasive argument that alters that conclusion. Accordingly, allowing an amendment to raise this claim would be futile.

## VI. Conclusion

The § 2255 Motion (ECF No. 67) will be denied. The action will be dismissed. An appeal may not be taken from the final order in a § 2255 proceeding unless a judge issues a certificate of appealability ("COA"). 28 U.S.C. § 2253(c)(1)(B). A COA will not issue unless a prisoner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This requirement is satisfied only when "reasonable

---

of a § 2255 Motion. In this case, the one year would run from the date on which Vaughn's conviction became final. 28 U.S.C. § 2255(f)(1).
    Vaughn's conviction became final on Tuesday, January 18, 2011, the last day upon which he could file a petition for a writ of certiorari with the Supreme Court. *See* 28 U.S.C. § 2255(f)(1). Vaughn then had one year, or until Wednesday, January 18, 2012, to file a motion pursuant to 28 U.S.C. § 2255. 28 U.S.C. § 2255(f). Vaughn filed his Supplemental Motion on October 22, 2012. (Mot. Supplement 1.) Because Vaughn failed to file his Supplemental Motion within the one-year limit, the statute of limitations bars the proposed amended claim. Vaughn fails to demonstrates entitlement to a belated commencement of the limitations period under 28 U.S.C. § 2255(f)(2)–(4); entitlement to equitable tolling, *see United States v. Sosa*, 364 F.3d 507, 512 (4th Cir. 2004) (quoting *Rouse v. Lee*, 339 F.3d 238, 246 (4th Cir. 2003)); or that the new claim relates back to the claims in the § 2255 Motion, *see United States v. Pittman*, 209 F.3d 314, 317 (2000). Thus, Vaughn fails to demonstrate that any of these provisions render his amendment timely.

18

jurists could debate whether the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 & n.4 (1983)). Vaughn has not satisfied this standard. A certificate of appealability will be denied.

An appropriate Final Order will follow.

/s/
Henry E. Hudson
United States District Judge

Date: Nov. 7, 2014
Richmond, Virginia

19