IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| v. | ) Criminal No. 3:08CR468–HEH |
| | ) |
| TARIQ A. VAUGHN, | ) |
| | ) |
| Petitioner. | ) |

## MEMORANDUM OPINION
### (Denying Rule 59(e) Motion)

Tariq Vaughn, a federal inmate proceeding *pro se*, filed a motion under 28 U.S.C. § 2255 ("§ 2255 Motion," ECF No. 87) to vacate, set aside, or correct his sentence. By Memorandum Opinion and Order (ECF Nos. 83, 84) entered on November 7, 2014, the Court denied Vaughn's § 2255 Motion. *See United States v. Vaughn*, No. 3:08CR468–HEH, 2014 WL 5810982, at *9 (E.D. Va. Nov. 7, 2014). On November 28, 2014, the Court received Vaughn's Motion for Rehearing on the Denial of 28 U.S.C. 2255 (ECF No. 85). Because Vaughn filed his Motion for Rehearing within twenty-eight days of the Court's entry of the November 7, 2014 Memorandum Opinion and Order, the Court construes the Motion for Rehearing as a motion to alter or amend the judgment pursuant to Federal Rule of Civil Procedure 59(e) ("Rule 59(e) Motion").[1] *See* Fed. R. Civ. P. 59(e).

---
[1] The Court corrects the capitalization and spelling in the quotations from Vaughn's submission.

In his Rule 59(e) Motion, Vaughn requests "to be reheard on grounds 3, 4b, 4c, 4d, 4e, and 4f[, and to] have the ground addressed that w[as] not addressed in his memorandum of law and affidavits." (Rule 59(e) Mot. at 1.)

"[R]econsideration of a judgment after its entry is an extraordinary remedy which should be used sparingly." *Pac. Ins. Co. v. Am. Nat'l Fire Ins. Co.*, 148 F.3d 396, 403 (4th Cir. 1998) (internal quotation marks omitted). The United States Court of Appeals for the Fourth Circuit has recognized three grounds for relief under Rule 59(e): "(1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice." *Hutchinson v. Staton*, 994 F.2d 1076, 1081 (4th Cir. 1993) (citing *Weyerhaeuser Corp. v. Koppers Co.*, 771 F. Supp. 1406, 1419 (D. Md. 1991). Vaughn's Rule 59(e) appears to seek reconsideration based upon an alleged clear error of law.

First, to the extent Vaughn seeks to "have the ground addressed that w[as] not addressed in his memorandum of law and affidavits," Rule 59(e) fails to provide a vehicle for raising new arguments. (Rule 59(e) Mot. at 1); *See Pac. Ins. Co.*, 148 F.3d at 403 (noting that a "'[r]ule 59(e) motion may not be used to relitigate old matters, or to raise arguments or present evidence that could have been raised prior to the entry of judgment.'" (quoting 11 Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 2810.1, at 127–28 (2d ed. 1995))).

Next, Vaughn attempts to re-litigate Claims Three, Four (b), Four (c), Four (d) and Four (f). Vaughn fails to provide any basis supporting a finding that the Court committed

clear error of law or any other permissible ground under Rule 59(e) with respect to these claims. *See id.*

Finally, Vaughn contends that the Court "misunderstood parts of [his] argument" in Claim 4(e). (Rule 59(e) Mot. at 4.) Vaughn claims his argument was that "Lewis failed to investigate, argue, and object and/or file a motion for [Vaughn's] agreement with the government to have his violation sentence run concurrently with his new sentence." (*Id.*) Vaughn contends he argued that the Government breached his plea agreement because they promised to allow his violation sentence to run concurrent. (*Id.*) Contrary to Vaughn's suggestion that the Court misunderstood or mischaracterized his argument, the Court addressed his claim as pled. In Claim 4(e), Vaughn stated in sum: "Mr. Lewis failed to object to the government's breach of the plea agreement by failing to agree to an acceptance of responsibility reduction, resulting in prejudice in the form of an enhanced sentence." (§ 2255 Mot. at 7.) Simply stated, Vaughn's claim failed to attack any deficiency of counsel based on a purported promise that his violation sentence would run concurrent. Thus, Vaughn's claim cannot be read as Vaughn suggests. Vaughn fails to demonstrate any grounds for Rule 59(e) relief with respect to Claim 4(e).

Accordingly, Vaughn's Rule 59(e) Motion will be denied. The Court will deny a certificate of appealability.[2]

---

[2] The § 2255 Motion (ECF No. 46) will be denied. The action will be dismissed. An appeal may not be taken from the final order in a § 2255 proceeding unless a judge issues a certificate of appealability ("COA"). 28 U.S.C. § 2253(c)(1)(B). A COA will not issue unless a prisoner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This requirement is satisfied only when "reasonable jurists could debate whether the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 & n.4 (1983)). Vaughn has not satisfied this standard.

An appropriate Final Order will follow.

                                                  /s/
                                Henry E. Hudson
                                United States District Judge

Date: March 16, 2015
Richmond, Virginia